WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mauna Loa Vacation Ownership, L.P., a Hawaiian limited partnership, and Stevens, a single man,<br><br>Plaintiffs,<br><br>vs.<br><br>Accelerated Assets, L.L.C., an Arizona limited liability company,<br><br>Defendant. | No. CV-03-0846-PCT-DGC<br><br>**ORDER AND JUDGEMENT** |

Defendant Accelerated Assets, L.L.C. has filed a motion to enforce a settlement agreement with Plaintiffs Mauna Loa Vacation Ownership, HLP and John Stevens. Dkt. #136. Plaintiffs have not responded. The Court will grant the motion.

Following a bench trial in February of 2006, the Court granted judgment to Defendant on its counterclaim. Dkt. #128. The parties then entered into a settlement agreement titled a "Stand Still Agreement." Dkt. #136, Ex. 1. The Court dismissed the case, but reserved jurisdiction to enforce the agreement. Dkt. #135.

Plaintiffs made some payments required by the agreement, but later told Defendant they would not make the final payment when it became due. Dkt. #136, Ex. A ¶ 7. The parties then entered into a Forebearance Agreement, by which Defendant agreed not to enforce the Stand Still Agreement until January 31, 2007, provided that Plaintiffs pay an additional extension fee. *Id*; *see also* Dkt. #136, Ex. 2. On February 1, 2007, Plaintiffs

requested an additional extension until February 28, 2007 to pay the amount owed. *Id.*, Ex. 3. Defendant stated that it would grant a final extension until March 15, 2007, but would wait no longer to enforce the Stand Still Agreement. *Id.* Plaintiffs have not made the required payment and have indicated that they will not be making the payments in the near future. *Id.*, Ex. A.

Defendant quantifies the amount owed as $542,664.53 as of March 15, 2007, with interest accruing at $167.18 per day. *Id.*, Ex. B. Although Defendant argues that Plaintiffs consented to the quantification of this amount in an email attached as the second of the exhibits labeled "Exhibit 2," the email does not contain express consent by the Plaintiffs regarding the quantification procedures. *Id.*, Ex. 2.

The Court properly retained the authority to enforce the Stand Still Agreement. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). The Court has reviewed the amount Defendant claims Plaintiffs owe, and agrees that Plaintiffs owe this amount and have failed to pay it. The proper means by which to enforce the Stand Still Agreement is to enter judgment against Plaintiffs for the amount due. *See TNT Marketing, Inc. v. Agreseti*, 796 F.2d 276, 278 (9th Cir. 1986). Defendant is not precluded from requesting attorney's fees in a separate motion.

**IT IS ORDERED:**

1. Defendant's motion to enforce the settlement agreement (Dkt. #136) is **granted**.
2. Judgment is granted to Defendant and against Plaintiffs Mauna Loa Vacation Ownership, HLP and John Stevens in the amount of $542,664.53 plus interest of $167.18 per day from March 15, 2007.

DATED this 15th day of May, 2007.

_____
David G. Campbell
United States District Judge